UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

SEAN SCHADEE,
    Plaintiff,

v.

WARDEN MALDONADO, et al.,
    Defendants.

PRISONER
CASE NO. 3:12-cv-614(VLB)

INITIAL REVIEW ORDER

      The plaintiff, currently incarcerated at Cheshire Correctional Institution in Cheshire, Connecticut, has filed a complaint *pro se* under 42 U.S.C. § 1983. The plaintiff sues Wardens Maldonado and Quiros, Deputy Warden Faucher, Captain Marinelli, Lieutenants Pafumi, Correa and Siwicki, Registered Nurse Scruggs, District Administrator Lajoie, Food Supervisor Gouoni, Correctional Officers Scholds, Kidd, Kitt, Bowman, Wiseman, Jasefiak, Emmelmann, Pease, Hartly, Delpaschio, Santiago and Matlasz.

      Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id*. This requirement applies both where the inmate has paid the filing fee and where he is proceeding *in forma pauperis*. *See Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The plaintiff alleges that in April 2011, he was confined at Northern Correctional Institution. On April 13, 2011, the plaintiff engaged in a heated telephone conversation with his girl friend in the 3-west day room at Northern. Officer Scholds ordered the plaintiff to finish his telephone call and the plaintiff complied with the order. As the plaintiff exited the day room with Officer Scholds at his side, the plaintiff started a verbal argument with Officer Kidd who was on the other side of the day room. The argument escalated until Officers Kidd and Scholds punched him in the face. These officers tripped the plaintiff causing him to fall to the floor. Officers Kidd and Scholds then proceeded to kick and punch

the plaintiff as he lay on the ground.

Officer Kitt called a code.  In response, Officers Bowman, Wiseman, Jasefiak, Emmelmann, Pease, Hartly, Delpaschio, Santiago and Matlasz, Lieutenants Siwicki, Pafumi and Correa and Food Supervisor Gouoni came to the scene.  These defendants and Officer Kitt joined in kicking, punching, kneeing and twisting the plaintiff's wrists, fingers, elbows and legs.  One or more of these defendants also sprayed pepper spray at the plaintiff.  These defendants continued to beat the plaintiff after he was handcuffed and lay on the floor.  Lieutenants Pafumi,  Siwicki  and Correa, Captain Marinelli and Deputy Warden Faucher were present at the scene, but failed to intervene.

The plaintiff was placed in leg shackles and a tether chain, dragged from the day room, decontaminated for short time in a shower and escorted to a medical examination room.  Nurse Scruggs directed the plaintiff to place his face in a sink to rinse his eyes, but he was unable to open his eyes.  Nurse Scruggs became agitated and ordered the officers to take the plaintiff to his cell.  The plaintiff was placed in a cell and remained in in-cell restraints until later that day.

That afternoon, a lieutenant escorted the plaintiff to the medical unit for observation.  The plaintiff remained in the medical unit until April 15, 2011 due to his injuries.

The plaintiff filed a grievance regarding the use of force by the defendants.  Warden Maldonado denied the grievance on June 13, 2011.  District Administrator LaJoie denied the appeal of the grievance on June 27, 2011.  The plaintiff seeks declaratory and injunctive relief and monetary damages.

The plaintiff alleges that Warden Quiros was the official warden of Northern at the time that he filed a level 1 grievance regarding the use of force by other defendants on April 13, 2011.  The plaintiff does not allege, however, that Warden Quiros received the grievance, was aware of or involved in the incident or that he responded to the grievance.  In fact, Warden Maldonado responded to the grievance.  The plaintiff has failed to allege that Warden Quiros violated his constitutionally or federally protected rights.  The claims against defendant Quiros are dismissed.  See 28 U.S.C. § 1915A(b)(1).

The court concludes that the allegations in the complaint state plausible claims of excessive force, failure to protect and deliberate indifference to medical needs against defendants Maldonado, Faucher, Marinelli, Pafumi, Correa, Siwicki, Scruggs, Lajoie, Gouoni, Scholds, Kidd, Kitt, Bowman, Wiseman, Jasefiak, Emmelmann, Pease, Hartly, Delpaschio, Santiago and Matlasz.  To the extent that plaintiff asserts section 1983 claims against these defendants in their official capacities, the claims for money damages are barred by the Eleventh Amendment.  See Kentucky v. Graham, 473 U.S. 159 (1985)  (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); Quern v. Jordan, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity).  The section 1983 claims for money damages against defendants  Maldonado, Faucher, Marinelli, Pafumi, Correa, Siwicki, Scruggs, Lajoie, Gouoni, Scholds, Kidd, Kitt, Bowman, Wiseman, Jasefiak, Emmelmann,

Pease, Hartly, Delpaschio, Santiago and Matlasz in their official capacities are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

## ORDERS

The court enters the following orders:

(1) All claims against defendant Quiros are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1). The claims for money damages against defendants Maldonado, Faucher, Marinelli, Pafumi, Correa, Siwicki, Scruggs, Lajoie, Gouoni, Scholds, Kidd, Kitt, Bowman, Wiseman, Jasefiak, Emmelmann, Pease, Hartly, Delpaschio, Santiago and Matlasz in their official capacities are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(2). The claims for excessive force, failure to protect and deliberate indifference to medical needs shall proceed against defendants defendants Maldonado, Faucher, Marinelli, Pafumi, Correa, Siwicki, Scruggs, Lajoie, Gouoni, Scholds, Kidd, Kitt, Bowman, Wiseman, Jasefiak, Emmelmann, Pease, Hartly, Delpaschio, Santiago and Matlasz in their individual capacities and in their official capacities to the extent that the plaintiff seeks injunctive and declaratory relief.

(2) Within fourteen (14) days of this Order, the U.S. Marshals Service shall serve the summons, a copy of the Complaint [doc. #1] and this Order on all defendants except defendant Quiros in their official capacities by delivering the necessary documents in person to the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141.

(3) Within fourteen (14) days of this Order, the Pro Se Prisoner Litigation

Office shall ascertain from the Department of Correction Office of Legal Affairs the current work addresses for defendants Warden Maldonado, Deputy Warden Faucher, Captain Marinelli, Lieutenants Pafumi, Correa and Siwicki, Registered Nurse Scruggs, District Administrator Lajoie, Food Supervisor Gouoni, Correctional Officers Scholds, Kidd, Kitt, Bowman, Wiseman, Jasefiak, Emmelmann, Pease, Hartly, Delpaschio, Santiago and Matlasz and mail waiver of service of process request packets to each defendant in his or her individual capacity at his or her current work address.  On the thirty-fifth (35th) day after mailing, the Pro Se Office shall report to the court on the status of all waiver requests.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4)     The Pro Se Prisoner Litigation Office shall send a courtesy copy of the complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(5)     The Pro Se Prisoner Litigation Office shall send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(6)     Defendants shall file their response to the complaint, either an answer or motion to dismiss, within seventy (70) days from the date of this order. If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They may also

include any and all additional defenses permitted by the Federal Rules.

(7) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order. Discovery requests need not be filed with the court.

(8) All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(9) Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

IT IS SO ORDERED.

/s/
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: November 28, 2012.