## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

SEAN SCHADEE                              :
                                          :
                                          :
        v.                                :        Case No. 3:12CV614 (VLB)
                                          :
WARDEN MALDONADO, ET AL.                  :        December 11, 2013

## RULING AND ORDER

Pending before the court are the plaintiff's motions to compel and for appointment of counsel.  For the reasons set forth below, the motions are denied.

I.      Motion to Compel [Doc. No. 30]

Plaintiff asks the court to compel the defendants to respond to a request for production of documents that he sent to counsel for the defendants on February 25, 2013.  On May 9, 2013, counsel for the defendants informed the plaintiff that he had never received the production request.  On May 21, 2013, a Department of Correction employee at Corrigan-Radgowski faxed the production request to counsel for the defendants.   The plaintiff's motion to compel is dated June 19, 2013.

A party may seek the assistance of the court only after he has complied with the provisions of Rule 37(a)(2)(A) of the Federal Rules of Civil Procedure and Rule 37(a) of the Local Civil Rules of the United States District Court for the District of Connecticut.  Under both rules, a motion to compel must include a certification that the plaintiff has made an attempt to confer with opposing

counsel in a good faith effort to resolve the discovery dispute without the intervention of the court.

Local Rule 37(b) requires that any discovery motion filed with the court be accompanied by a detailed memorandum of law containing the specific items of discovery sought or opposed.  Rule 37(b)1 provides in pertinent part:

> Memoranda by both sides shall be filed with the Clerk in accordance with Rule 7(a) of these Local Rules before any discovery motion is heard by the Court.  Each memorandum shall contain a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed . . . Every memorandum shall include, as exhibits, copies of the discovery requests in dispute.

D. Conn. L. Civ. R. 37(b)1.

Under Rule 34(b)(2)(A), Fed. R. Civ. P., a party has thirty days, from the date he or she is served with a request for production of documents, to respond.  The plaintiff filed the motion to compel less than thirty days after receipt of the production request by counsel for the defendants.  Thus, the motion to compel is premature.  Furthermore, the plaintiff does not allege that he made any attempt to confer with counsel for defendants at any time after counsel received the production request on May 21, 2013, and before he mailed the motion to compel to the court.  The motion is also deficient in that it is unaccompanied by either a memorandum of law citing the legal authority for the movant's entitlement to the relief sought.  Lastly, it is evident from the plaintiff's second motion to compel, which the court addresses below, that the defendants did respond to the February 2013 request for production of documents.  Thus, for all of the reasons set forth above, the motion to compel is denied.

II.   <u>**Motion Compel [Doc. No. 40]**</u>

The motion describes four different types of documents as well as videotapes. The plaintiff seeks an order compelling the defendants to provide him with these identified documents and to arrange for him to view the videotapes. The plaintiff claims that he has included requests for these documents and videotapes in several letters to counsel for the defendants.  Specifically, the plaintiff indicates that the sent written requests to counsel for the defendants on February 25, 2013, May 2, 2013 and June 19, 2013.  The plaintiff does not attach any of the requests/letters to his motion.  Thus, the motion fails to comply with D. Conn. L. Civ. R. 37(b)1.

To the extent that the documents that are listed in the motion to compel constitute a new request for production, the plaintiff has not permitted the defendants sufficient time to respond to the requests.   As indicated above, a party has thirty days after service of the request for production to respond to that request.

Furthermore, the plaintiff has not made a good faith attempt to try to resolve his discovery dispute with counsel for the defendants prior to filing this motion.  See Rule 37(a)(2)(A), Fed. R. Civ. P. and Rule 37(a), D. Conn. L. Civ. R. The plaintiff states that on September 5, 2013, he received a response from counsel for the defendants to the document request that was dated February 25, 2013, but not received by counsel until May 21, 2013.  The plaintiff does not assert that he contacted counsel after receiving the response to his February 2013 request for production of documents in an attempt to resolve the dispute he had

with the response.   For all the reasons set forth above, the motion to compel is denied without prejudice.

Despite the deficiencies in the plaintiff's motion, the court is troubled by the fact that counsel for the defendants did not respond to the production request that was dated February 25, 2013, and received on May 21, 2013, until September 5, 2013.  Counsel did not request any extensions of time to respond to this discovery request.

Thus, the court directs counsel for the defendants to make a good faith effort to resolve any discovery disputes with the plaintiff related to his February 25, 2013 request for production of documents.   If the parties are unable to resolve the discovery dispute(s) the defendants shall 1) file with the Court an objection to plaintiff's interrogatories reciting the interrogatory to which it objects and the legal basis for its objection, supported by legal authority, and 2) file with the court an objection to plaintiff's requests for production reciting the request to which it objects and the legal basis for its objection, supported by legal authority, within 35 days of the date of this order.  The failure to file such objections may be deemed a waiver of any and all objections.  If any item requested by the plaintiff does not exist or is not or cannot be within the possession or control of the defendants, the defendants shall respond to the request for production stating that it does not have such item under penalty of perjury.  Within 21 days of the filing of an objection by the defendants, the plaintiff shall file a response compliant in substance with local rule of civil procedure 37(a) and 37(b).

III.   <u>Motion for Appointment of Counsel [Doc. No. 39]</u>

The plaintiff is seeking an appointment of *pro bono* counsel in this action pursuant to 28 U.S.C. § 1915.  The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel.  *See Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986), *cert. denied*, 502 U.S. 996 (1991).  Plaintiff does not assert that he made any recent attempts to find counsel willing to represent him.  Furthermore, it is evident based on the letters attached to the plaintiff's motion that the plaintiff has been in contact with an attorney from the Inmates' Legal Assistance Program who has assisted the plaintiff in various ways from July 2012 to February 2013.  Thus, the documentation provided by the plaintiff does not indicate the Inmates' Legal Assistance Program has declined to help him in litigating this case.  The possibility that the plaintiff may be able to secure legal assistance or representation independently precludes appointment of counsel by the Court at this time.

## Conclusion

The Motion to Compel [Doc. No. 40] is DENIED.  The Motions for Appointment of Counsel [Doc. No. 39] and to Compel [Doc. No. 40] are DENIED without prejudice.  The court directs counsel for the defendants to make a good faith effort to resolve any discovery disputes with the plaintiff related to his February 25, 2013 request for production of documents.  If the parties are unable to resolve the discovery dispute after conferring with each other, then the defendants shall comply with the remedial provisions of this order.

IT IS SO ORDERED in Hartford, Connecticut, this <u>11th</u> day of December, 2013.

_____/s/_____
Vanessa L. Bryant
United States District Judge